## Sando, etc., v. Pennsylvania Milk Control Commission

*T. G. Wadzinski*, for appellant.

*Frank E. Coho*, Deputy Attorney General, *William F. Schutte* and *Donald O. Coughlin*, for appellee.

FINE, J., April 12, 1941.—This is an appeal by Daniel Sando, a milk dealer, doing business as Standard Milk, in Nanticoke, this county, from an order of the Pennsylvania Milk Control Commission, dated September 24, 1940, as follows:

"And now, to wit, this 24th day of September, 1940, in consideration of the findings of fact in this case, it is hereby ordered as follows:

"That defendant, Daniel Sando, trading as Standard Milk, at Broad and Walnut Streets, Nanticoke, Luzerne County, Pa., shall pay to this commission the sum of $119.51 to be applied by this commission to the accounts of the milk producers to whom the said defendant made underpayments.

"That this case shall be continued until the terms of this order have been complied with by the said defendant; in event that the said defendant fails to pay this sum of money as required herein within thirty days from the date hereof, then upon suggestion of that fact to this commission, the rule to show cause why the said defendant's license should not be revoked shall be made absolute and an order of this commission shall be entered revoking said license; in the event that the conditions of this order are complied with by the said defendant, then upon suggestion of that fact to this commission, the rule in this case shall be discharged and all further proceedings in this matter shall be discontinued. . . ."

In accordance with the Milk Control Law of April 28, 1937, P. L. 417, art. IX, sec. 904, 31 PS §§700j-901-06, this matter was argued on an appeal petition, answer

thereto filed by the commission, and the record certified to the court. Since argument, appellant's counsel submitted a supplemental brief urging that the allegations in the appeal petition should be considered as admitted as the commission's answer was not filed until February 26, 1941, whereas the return day was November 11, 1940. If the failure to file an answer on or before the return day is material, it seems objection thereto should have been properly raised heretofore. Appellant's conduct is clearly a waiver of any right he may have heretofore had to take advantage of such failure at this stage of the proceedings. Section 904 of the Milk Control Law, supra, provides:

"Upon service of a summons upon the commission, returnable at least ten (10) days from the date of service, the commission may, on or before the return day, file a motion to dismiss the appeal, raising questions of law or attacking the form or sufficiency of the petition. If such motion is not sustained, the commission shall be given leave to file an answer within not less than ten (10) days after the order of the court overruling the motion.

"On or before the return day of such summons served upon the commission, or within the time allowed in an order of the court denying a motion to dismiss an appeal, the commission shall file an answer which shall deny or admit the allegations of fact in the petition, and which may also allege by way of defense the grounds for its action or decision.

"Upon the filing of an answer by the commission, the case shall be at issue without further pleadings, and upon application of either party the case shall be advanced and heard without further delay. . . ."

The aforesaid section, while directing the filing of an answer by the commission on or before the return day, does not provide any penalty for failure so to do. Further, the act provides "that the case shall be at issue without further pleading" upon the filing of an answer by the

commission. This implies there is nothing before the court for disposition until the answer has been filed.

Petitioner objects particularly to the commission's findings of fact 10, 11, and 12, and to the order hereinabove set forth. Appellant also complains the hauling charges of the milk from the producers, as allowed by the commission, were entirely inadequate and unreasonable.

The germane findings of fact by the commission are as follows:

"7. The said defendant is engaged in a small business and purchases milk from small producers having their dairy farms at long distances from the producer's plant.

"8. The said defendant had elected to purchase milk from said producers in accordance with Official General Order no. A-46-A of this commission by paying on a fixed per quart basis for said milk purchased by measure irrespective of butterfat content.

"9. In arriving at the underpayments alleged to be due in the citation notice, the auditor of this commission only allowed defendant one-half cent per quart hauling charge and allowed defendant nothing for can rental; this commission is of the opinion that the hauling charge of the said auditor was unreasonably inadequate considering the long hauls over bad roads and the small volume of milk.

"10. A hauling charge of one cent per quart per day and a can rental of $8 per month (25 cents per can per month for 32 cans) should be a reasonable allowance or deduction.

"11. After allowing said increase for hauling and said can rental, this commission finds that the said milk dealer failed without reasonable cause to account and make payment for milk purchased from milk producers during the period of January 1, 1940, to and including June 30, 1940, in accordance with the Official General Orders nos. A-40, A-46, A-46-A, and B-1 of this commission, resulting in underpayments to said milk producers for said period in the amount of $119.51.

"12. This commission, therefore, finds that the said defendant, Daniel Sando, trading as Standard Milk, has violated the Milk Control Law and the rules, regulations, and orders promulgated by this commission in pursuance thereof to the extent set forth in the preceding paragraphs."

The only question before us is whether there was evidence before the Milk Control Commission upon which it could base its findings of fact and its order. Section 906 of the Milk Control Law, supra, provides, inter alia, as follows:

"In an appeal from an order or decision of the commission applying only to the particular person or persons named therein, the case shall be heard upon the record certified to the court by the commission. Additional testimony shall not be taken before the court, but the court may, in proper cases, remit the record to the commission for the taking of further testimony.

"Upon any appeal the court shall determine whether or not the order appealed from is reasonable and in conformity with law. The appellant shall have the burden of proving that an order of the commission is unreasonable or illegal. . . ."

The Milk Control Law provides for the regulation of the milk industry of the Commonwealth by requiring, inter alia, that milk dealers pay producers or farmers not less than the minimum prices prescribed thereunder. This provision is valid and assures to the consumer a constant and adequate supply of pure and wholesome milk: Rohrer v. Milk Control Board, 322 Pa. 257; Colteryahn Sanitary Dairy v. Milk Control Commission of Pennsylvania, 332 Pa. 15.

The action before us revolves around the reasonableness of the allowance for hauling milk, appellant contending that it should be at least 1¼ cents per quart, whereas the commission allowed one cent and a further allowance of $8 per month for cans furnished producers. A careful

reading of the entire record discloses inefficient methods pursued by appellant in the conduct of his business which, of course, should not be passed to the consumer. We are of the opinion that there is ample evidence upon which the commission based its findings of fact and order; that its action was not unreasonable or arbitrary. On the contrary, the commission appears to have been quite indulgent and distinctly considerate of appellant's cause. Its action was reasonable and in conformity with law.

Now, April 12, 1941, the order of the Milk Control Commission dated September 24, 1940, is affirmed, and the appeal therefrom is dismissed.